UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Billy Ray Jones, Jr.,

    Plaintiff

v.

Clark County Detention Center, et al.,

    Defendants

Case No. 2:24-cv-01686-CDS-DJA

**Order Dismissing and Closing Case**

Plaintiff Billy Jones brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while housed at Clark County Detention Center. ECF No. 1-1. On September 30, 2024, the magistrate judge ordered Jones to either pay the full $405 filing fee or file an *in forma pauperis* application for non-inmates by October 30, 2024. ECF No. 4. That deadline expired without payment of the filing fee, an application to proceed *in forma pauperis*, or other response from Jones.

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, courts must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Jones's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court must collect reasonable fees from parties initiating civil actions, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on the plaintiff's failure to address the matter of the filing fee in compliance with the court's order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Billy Jones wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or complete an *in forma pauperis* application.

Dated: January 13, 2025

_____
Cristina D. Silva
United States District Judge